# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| JESSIE CONTRERAS, | * | |
| | * | No. 05-626V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: August 17, 2015 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; interim |
| AND HUMAN SERVICES, | * | award; amount to which respondent |
| | * | does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Jeffrey S. Pop</u>, Beverly Hills, CA, for petitioner;
<u>Linda S. Renzi</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

Mr. Jessie Contreras sought compensation through the National Childhood Vaccine Injury Compensation Program, codified at 42 U.S.C. § 300aa—10 through 34 (2006), claiming the vaccinations he received, particularly the hepatitis B vaccine, caused his neurologic problems. After extensive proceedings, including a lengthy attempt at alternative dispute resolution and six substitutive rulings, the judgment of the Court of Federal Claims was that Mr. Contreras is not entitled to an award of compensation.[2] Mr. Contreras has appealed this judgment to the Federal Circuit. No. 15-5097 (Fed. Cir. June 19, 2015).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] An April 5, 2012 Entitlement Decision denied compensation because Mr. Contreras did not meet his burden of proof regarding the appropriate interval between vaccination and the onset of the transverse myelitis. 2012 WL 1441315 ("<u>Contreras 1</u>"). The United States Court of Federal Claims ("the Court") vacated this decision and remanded with instructions. 107 Fed. Cl.

While the case was pending, the undersigned previously awarded Mr. Contreras interim attorneys' expert costs. Decision, issued May 3, 2013. The present decision concerns Mr. Contreras's attorneys' fees. Mr. Contreras seeks an award for work his attorney, Jeffrey S. Popp, performed through May 27, 2015.

On July 29, 2015, respondent filed a stipulation of fact concerning interim attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for interim attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request $333,550.00, an amount to which respondent does not object. The Court awards this amount.

Regardless of whether they entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that Mr. Contreras fails to satisfy this standard. Thus, Mr. Contreras is entitled to an award of attorneys' fees and costs.

After a determination that Mr. Contreras is entitled to an award of interim attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of petitioner's draft application for interim attorneys' fees and costs indicates that the (reduced) requested amount is reasonable. Therefore, Mr. Contreras is awarded the amount to which respondent did not object.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor. Those fees and costs are awarded as follows:

---

280 (2012) ("Contreras 2"). A November 19, 2013 Remand Decision again denied compensation. 2013 WL 6698382 ("Contreras 3"). The Court also vacated the Remand Decision and remanded the case again. 116 Fed. Cl. 472 (2014) ("Contreras 4"). On the second remand, the undersigned again found that Mr. Contreras did not meet his burden of proof for entitlement to an award. 2014 WL 8098606 (Fed. Cl. Spec. Mstr. Oct. 24, 2014) ("Contreras 5"). Mr. Contreras again filed a motion for review of the special master's decision, and the Court denied the motion for review. 121 Fed. Cl. 230 (2015) ("Contreras 6").

**A lump sum payment of $333,550.00, in the form of a check payable to petitioner and petitioner's counsel of record, Jeffrey S. Pop.**

The Clerk shall enter judgment accordingly.[3]   The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.