# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 22, 2017[1]
Refiled in Redacted Form: December 6, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| J.C.R., | * | |
| | * | No. 05-626V |
| Petitioner, | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; |
| AND HUMAN SERVICES, | * | Tetanus; Hepatitis B ("Hep B"); |
| | * | Transverse Myelitis ("TM"); Guillan |
| Respondent. | * | Barre Syndrome ("GBS"). |
| | * | |
| * * * * * * * * * * * * * | | |

Jeffrey Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
Linda Renzi, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION BASED ON STIPULATION

On June 15, 2005, J.C. filed a petition in the National Vaccine Injury Compensation Program on behalf of his son, J.C.R.[2] ("petitioner"). The petition alleged that J.C.R. developed transverse myelitis ("TM") and/or Guillain-Barre syndrome ("GBS") as a result of receiving the Hepatitis B ("Hep. B") and Tetanus vaccines on June 16, 2003.

On November 21, 2017, the parties filed a stipulation[3] in which they stated that a decision should be entered awarding compensation. Respondent denies that the Tetanus and/or Hep. B

---

[1] When this decision was originally filed, the undersigned advised the parties of her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. §3501 note (2012) (Federal management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner filed a motion to redact certain information. This decision is being reissued with minimal changes, including redaction of the petitioner and his father's names in the case caption to initials. Except for those changes and this footnote, no other substantive changes have been made.

[2] During the course of the proceedings, the case caption was amended to reflect that J.C.R. reached the age of majority. Additionally, on November 20, 2017, petitioner filed an unopposed motion to amend the case caption to reflect that petitioner's given name is J.C.R. The undersigned granted petitioner's motion and the case caption was amended on November 21, 2017.

[3] On November 15, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and the undersigned issued a Decision based on the

1

vaccinations caused or significantly aggravated petitioner's condition, or caused him any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

a. **A lump sum of $1,248,834.30, in the form of a check payable to petitioner, Mr. J.C.R.  This represents compensation for first year expenses in the amount of $48,328.00; past and future lost wages in the amount of $960,377.30 (future wages have been reduced to net present value); and actual and projected pain and suffering in the amount of $240,129.00 (projected pain and suffering has been reduced to net present value); and**

b. **A lump sum in the amount of $261,189.23, representing compensation for satisfaction of the State of California Medicaid Lien in the form of a check payable to petitioner and:**

> **Department of Health Care Services**
> **DHCS Account NO: C95483627A-VAC03**
> **DCHS case name: J.C.R.**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**

**Petitioner agrees to endorse this payment to the Department of Health Care Services; and**

c. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).  Stipulation at ¶8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

---

parties' stipulation the same day.  On November 20, 2017, respondent contacted the Court to report an error in the November 15, 2017 stipulation.  On the same day, respondent filed a joint motion to strike the November 15, 2017 Decision and the underlying stipulation upon which it was based.  On November 21, 2017, the undersigned issued an Order striking the original decision and stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JESSIE CONTRERAS-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | No. 05-626V<br>Chief Special Master Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jesus Contreras filed a petition for vaccine compensation, on behalf of his son, Jessie Contreras ("Petitioner")[1] under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Hepatitis B and Tetanus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"). 42 C.F.R.§ 100.3(a).

2. Petitioner received the vaccines on or about June 16, 2003.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines caused him to suffer "injuries", including cervical transverse myelitis ("TM") and Guillain-Barre syndrome ("GBS"). Petitioner further alleges that he experienced residual effects of his injuries for more than six months.

---

[1] The Petition was originally filed by petitioner's father, Jesus Contreras, on behalf of petitioner, who was then a minor child. Petitioner turned eighteen on May 14, 2008, and the caption was amended to reflect him as petitioner.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the vaccines are the cause of petitioner's alleged TM or GBS and/or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $1,248,834.30[2] in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 8.b and 8.c; and

   b. A lump sum of $261,189.23 representing compensation for satisfaction of the State of California Medicaid Lien in the form of a check payable petitioner and:

   > Department of Health Care Services
   > DHCS Account No: C95483627A-VAC03
   > DCHS case Name: Jessie Contreras
   > Recovery Branch – MS 4720
   > P.O. Box 997421
   > Sacramento, CA 95899-7421

   Petitioner agrees to endorse this payment to the Department of Health Care Services.

---

[2] This represents compensation for: First year expenses in the amount of $48,328.00; past and future lost wages in the amount of $960,377.30 (future wages have been reduced to net present value); and actual and projected Pain and Suffering in the amount of $240,129.00 (projected pain and suffering has been reduced to net present value).

2

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company")[3].

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

    a. For future unreimbursable medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $10,064.00 to be paid up to the anniversary of the date of judgment in year 2055, then beginning on the anniversary of the date of judgment in year 2055, an annual amount of $3,383.08 to be paid for the remainder of petitioner's life all amounts increasing at the rate of six percent (6%), compounded annually from the date of judgment;

    b. For future home care services expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,355.00 to be paid up to the anniversary of the date of judgment in year 2050, then beginning on the anniversary of the date of judgment in year 2050, an annual amount of $35,475.00 to be paid up to the anniversary of the date of judgment in year

---

[3] Notwithstanding references herein to the "Life Insurance Company" or the "annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

3

2055, then beginning on the anniversary of the date of judgment in year 2055, an annual amount of $34,880.00 to be paid for the remainder of petitioner's life all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    c. For future unreimbursable medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $423.35 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

    d. For future unreimbursable supplies and equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $753.93 to be paid up to the anniversary of the date of judgment in year 2055, then beginning on the anniversary of the date of judgment in year 2055, an annual amount of $2,715.93 to be paid up to the anniversary of the date of judgment in year 2056, then beginning on the anniversary of the date of judgment in year 2056, an annual amount of $1,245.93 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and,

    e. For future unreimbursable transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $150.50 to be paid up to the anniversary of the date of judgment in year 2055, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that

4

the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after entry of judgment on entitlement and after petitioner has filed a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past un-reimbursable expenses, the money

5

provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program , 42 U.S.C. § 300aa- 10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Hepatitis B and Tetanus vaccines administered on or about June 16, 2003, as alleged in a petition for vaccine compensation filed on or about June 15, 2005, in the United States Court of Federal Claims as petition No. 05-626V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the

6

parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hepatitis B or Tetanus vaccines caused petitioner's alleged cervical transverse myelitis and Guillain-Barre syndrome and/or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

7

Respectfully submitted,

PETITIONER:

*/s/ Jessie Contreras*
JESSIE CONTRERAS

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ Jeffrey S. Pop*
JEFFREY S. POP
JEFFREY S. POP ASSOCIATES
9107 Wilshire Boulevard
Suite 700
Beverly hills, CA 90210-5526
(310) 273-5462

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ Narayan Nair, for*
NARAYAN NAIR, M.D.
Director, Division of
Vaccine Injury Compensation (DVIC);
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Linda S. Renzi*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4133

Dated: 21 November 2017

8