# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  July 2, 2018

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| JESSIE CONTRERAS-RODRIGUEZ, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | Case 05-626V |
| | \* | |
| v. | \* | Chief Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Reasonable Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Excessive Time on Appeal to the Federal |
| | \* | Circuit; Expert Fees. |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
<u>Linda S. Renzi</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On June 15, 2005, Jesus Contreras filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program") on behalf of his son, Jessie Contreras-Rodriguez[3] ("petitioner"), then a minor.  The petition alleged that petitioner developed transverse

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public in its current form.  <u>Id.</u>

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1-34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] During the course of these proceedings, the case caption was amended to reflect that petitioner had reached the age of majority.  Additionally, on November 20, 2017, petitioner filed an unopposed motion to amend the case caption to reflect that petitioner's given name is Jessie

myelitis and/or Guillain-Barr syndrome as a result of receiving the Hepatitis B ("Hep. B") and Tetanus vaccines on June 16, 2003.

As petitioner notes, this case has been extensively litigated. The initial Special Master in this case issued his first decision denying compensation on April 5, 2012. See Contreras v. Sec'y of Health & Human Servs., 844 F.3d 1363, 1366 (Fed. Cir. 2017). The Court of Federal Claims vacated and remanded this decision, and the Special Master once again denied compensation. See Id. at 1366-67. The Court of Federal Claims vacated and remanded this decision as well. See Id. at 1367. When the Special Master denied compensation a third time, the Court of Federal Claims upheld his decision on appeal. See Id. Petitioner then appealed to the Court of Appeals for the Federal Circuit, which vacated and remanded the decision. Id. at 1369. On remand, the case was reassigned to the undersigned. Notice of Reassignment dated February 3, 2017 (ECF No. 235). The undersigned issued a Decision Based on Stipulation on November 22, 2017 (ECF No. 278).

While this litigation was pending, petitioner was awarded attorneys' fees or costs on two occasions. On May 3, 2013, petitioner was awarded $82,112.50 in expert costs. See Decision Awarding Attorneys' Expert Costs on an Interim Basis dated May 3, 2013 (ECF No. 188) ("2013 Interim Decision"). On August 17, 2015, petitioner was awarded $333,550.00 in attorneys' fees and costs for work performed prior to May 30, 2015. See Decision on Interim Attorneys' Fees and Costs dated August 17, 2015 (ECF No. 229) ("2015 Interim Decision").

On February 6, 2018, petitioner filed a final motion for attorneys' fees and costs, requesting compensation for the attorneys and law clerks who worked on his case. Petitioners' Application ("Pet. App.") dated February 6, 2018 (ECF No. 286). Specifically, petitioner requested $141,195.50 in attorneys' fees to compensate his attorney of record, Mr. Jeffrey S. Pop, and other attorneys and law clerks at Mr. Pop's firm. Pet. App. at 1. Petitioner also requested $14,897.36 in experts' fees and $14,706.42 in attorneys' costs. Pet. App., Ex. 1 at 1. Because the early years of this case were covered by the 2015 Interim Decision, the current application asks only for fees and costs incurred since June 1, 2015. See Pet. App. at 2. Respondent filed her response on February 9, 2018, indicating that she did not oppose petitioner's motion because she believed the statutory requirement for attorneys' fees had been met in the instant case.

For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards $140,921.23 in attorneys' fees and costs. In total, petitioner has been awarded $556,583.73 in attorneys' fees and costs in this matter.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1).

---

Contreras-Rodriguez. The undersigned granted petitioner's motion and the case caption was amended on November 21, 2017.

When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  Because compensation was awarded to petitioner, the undersigned finds that petitioner is entitled to reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec 'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### i.  Reasonable Hourly Rates

For attorney Jeffrey S. Pop, petitioner requests an hourly rate of $400.00 for work performed in 2015 and $420.00 for work performed in 2016-2018.  For attorney Kristina E. Grigorian, petitioner requests an hourly rate of $235.00 for work performed in 2015 and $250.00 for work performed in 2016-2018.  For attorney Alexandra B. Pop, petitioner requests an hourly rate of $225.00 irrespective of year.  For attorney Thomas G. Hahn, petitioner requests an hourly

3

rate of $145.00 irrespective of year.  For law clerks, petitioner requests a paralegal rate of $125.00 irrespective of year.  Because the attorneys practice in Beverly Hills, California, forum rates apply.

As petitioner documents, the undersigned has awarded similar hourly rates to Mr. Pop and his associates in the past.[4]  See Pet. App. at 5-6; see also Miller v. Sec'y of Health & Human Servs., No. 16-595, 2017 U.S. Claims LEXIS 1881 at *2-3 (Fed. Cl. Spec. Mstr. July 24, 2017) (awarding a rate of $420 to Mr. Pop, $235 to Ms. Grigorian, $145 to Mr. Hahn, and $125 to law clerks).  Therefore, the undersigned finds that the requested rates are reasonable and in accordance with both previously established rates for Mr. Pop's firm and the rates set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### ii.  Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioner's counsel is appropriate.

Between June 1, 2015 and August 25, 2016, Mr. Pop and his associates billed 320.9 hours, the vast majority of which were spent on petitioner's appeal to the Federal Circuit.  See Pet. App., Ex. 1 at 2-21.  For these hours, the attorneys request a total of $99,593.50.  This number is excessive in two respects.  First, petitioner's opening brief to the Federal Circuit covers many of the same issues discussed in petitioner's third motion for review.  While the content has been redrafted to conform to the new format and procedural requirements, at least 18% of the opening brief contains substantially the same research and arguments as the brief in support of the third motion for review.  The considerable time that the firm already spent preparing that motion for review should have allowed them to draft the appeal in a much more efficient manner.[5]  Second, the attorneys spent an inordinate amount of time preparing for oral argument.  In addition to the approximately 26 hours billed by Mr. Pop, Ms. Grigorian also spent 18 hours assisting him.  See Pet. App., Ex. 1 at 19-20.  The combined total of 46 hours is excessive.  See Davis v. Sec'y of Health & Human Servs., 105 Fed. Cl. 627, 638-39 (2012) (upholding special master's reduction of hours spent on hearing preparation by an experienced trial attorney).

Mr. Pop has decades of legal experience, and he been involved in this particular case since 2003.  Given this high level of skill and familiarity, the undersigned finds the hundreds of hours spent on the appeal to the Federal Circuit unnecessarily high.  See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 730-31 (2011) (reducing total hours spent on an appeal to the Federal Circuit from 317 to 202).  Thus, after carefully reviewing petitioner's

---

[4] While the undersigned has not previously reviewed a fee application involving Ms. Pop, other special masters have awarded her the rate requested here.  See, e.g., Tabor v. Sec'y of Health & Human Servs., No. 16-485, 2017 U.S. Claims LEXIS 672 (Fed. Cl. Spec. Mstr. May 17, 2017).

[5] Attorneys' fees for this work were awarded in the 2015 Interim Decision.  See 2015 Interim Decision.

application, the undersigned reduces petitioner's attorneys' fees award.  Rather than striking individual items from the time sheet, the undersigned will decrease the requested attorneys' fees billed for the appeal to the Federal Circuit by 30%.[6]  For 2015 through 2016, petitioner is thus entitled to attorneys' fees of $69,715.45.

From January 3, 2017, until the conclusion of the case, Mr. Pop and his associates billed 123.2 hours, for which they request a total of $41,602.00.  See Pet. App., Ex. 1 at 21-43.  The undersigned finds these hours reasonable and awards them in full.

### b.  Expert Fees

#### i.  Clinical Psychologist

Petitioner requests $5,400.00 to reimburse Dr. David K. Wellisch, Ph.D., a clinical psychologist who examined petitioner and submitted an expert report.  Dr. Wellisch dedicated twelve hours to petitioner's case, and billed at an hourly rate of $450.00.

Other special masters have thoroughly detailed the factors relevant to evaluating expert fees.  See Simpson v. Sec'y of Health & Human Servs., No. 05-941, 2008 U.S. Claims LEXIS 67 at *9-11 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).  Of these factors, the undersigned finds the expert's efficient use of time particularly relevant.  While Dr. Wellisch charges a high hourly rate, he billed only twelve hours for meeting twice with petitioner and developing a detailed report.  Moreover, while the undersigned is not aware of other decisions analyzing Dr. Wellisch's hourly rate specifically, that rate is not unprecedented for an expert of his education, scholarship, and experience.  See Brown v. Sec'y of Health & Human Servs., No. 09-426, 2012 U.S. Claims LEXIS 272 (Fed. Cl. Spec. Mstr. Feb. 29, 2012) (awarding an hourly rate of $450-$500 to an expert with similar years of experience).  The undersigned thus reimburses Dr. Wellisch's fees in full.[7]

#### ii.  Life Care Planner

Petitioner requests $9,497.36 to reimburse Brook Feerick, RN, CCM, CLCP, a certified life care planner who prepared petitioner's life care plan in cooperation with respondent's life care planner.  This amount includes $152.59 to reimburse Ms. Feerick for hotel expenses incurred during her site visit in Bakersfield, California.

Ms. Feerick's hourly rate of $195.00 lies squarely within the acceptable range for life care planners, and the undersigned has awarded her this rate in the past.  See Baum v. Sec'y of Health & Human Servs., No. 16-766, 2018 U.S. Claims LEXIS 430 (Fed. Cl. Spec. Mstr. Feb. 22, 2018).  Ms. Feerick has also properly billed for travel time at half of her hourly rate.  See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533, 2011 WL 3705153 at *24 (Fed. Cl.

---

[6] The reduction is calculated as follows:  $99,593.50 x 0.30 = $29,878.05

[7] The undersigned emphasizes that her decision is heavily influenced by the specific facts of this case – namely, the reasonableness of the total fee.  Were Dr. Wellisch to bill more hours for similar work in a future case, she may very well reach a different conclusion.

Spec. Mstr. July 25, 2011) ("[S]pecial masters consistently award compensation for travel time at 50% of the billing rate."). The undersigned thus reimburses these fees and costs in full.

### c.   Costs

Petitioner requests a total of $14,706.42 in attorneys' costs. In support of this request, petitioner has submitted thorough receipts and invoices. See Pet. App., Ex. 2. The undersigned finds these costs reasonable and reimburses them in full.

## II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for 2015-2016: | $ 99,593.50 |
| Reduction in attorneys' fees (30% for billing deficiencies): | $ (29,878.05) |
| Total attorneys' fees for 2015-2016: | $ 69,715.45 |
| Requested attorneys' fees for 2017-2018: | $ 41,602.00 |
| Requested expert fees: | $ 14,897.36 |
| Requested attorneys' costs: | $ 14,706.42 |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 140,921.23** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $140,921.23, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Jeffrey S. Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.